1

2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

3

4

5

6

7

8

9

VANCE S. ELLIOTT,

        Plaintiff,

  v.

SAN FRANCISCO RESIDENTIAL
RENT STABILIZATION and
ARBITRATION BOARD,

        Defendant.

_____

No.  C 06-04842 SBA

and Related Case:
      No.  C 07-04446 SBA

**ORDER**

10

11

                      **INTRODUCTION**

12

13

       For the reasons stated below, the Court DISMISSES WITHOUT PREJUDICE this matter and all related matters, for pro se plaintiff Vance E. Elliott's failure to prosecute.

14

                      **BACKGROUND**

15

16

17

18

19

20

21

22

       On August 4, 2006, pro se plaintiff Vance E. Elliott filed suit against defendant San Francisco Residential Rent Stabilization and Arbitration Board (the "Board").  *See* Docket No. 1. He then filed amended complaints on October 27, and November 8 and 29, 2006.  *See* Docket Nos. 6, 9, and entry dated 11/29/2006.  He claimed the Board's Uniform Visitor Policy violated the Fourteenth Amendment by circumscribing visitors to single resident only (SRO) residences to between the hours of 9:00 a.m. and 9:00 p.m.  Docket No. 6 at 2.  The Board answered on December 5, 2006. *See* Docket No. 10.   Despite this, Elliott filed three " amended complaints on January 17 and 18 and February 27, 2007.  *See* Docket entries for these dates.

23

24

25

26

       On April 4, 2007 the Court issued a scheduling order, setting a discovery cutoff for November 1, 2007, a motion cutoff for January 8, 2008, a pretrial conference for February 12, 2008, and a jury trial for February 25, 2008.  Docket No. 20.  The Court also ordered the parties to hold a mandatory settlement conference between from January 9 through 18, 2008.  *Id.*

27

28

       Two days later, on April 6, 2007, the Court referred this matter to Magistrate Judge Brazil for settlement purposes.  *See* Docket entry for 4/6/07.  On April 9, 2007, the ADR Clerk set a

telephone conference for April 18, 2007. *See* Docket No. 19. Elliott failed to participate. Docket entry for 4/18/07. The ADR clerk set an in-person conference for May 1, 2007. Docket No. 22. Elliott appeared. *See* Docket entry for 5/1/07.

On June 26, 2007, Elliott filed a complaint against the Board, in case number MC-07-80166 ("80166"), which was assigned to Judge Vaughn R. Walker, *see* Docket No. 1-80166. Elliott raised the same allegations he made in this matter. *See id.* On August 28, 2007, 80166 was terminated and redesignated as C-07-04446 ("4446"), which was assigned to Judge Martin J. Jenkins. *see* Docket No. 1-4446, *see* Docket entry for 8/28/2007, in 80166.

On October 3, 2007, on the Board's motion [Docket No. 25], the Court related this matter to case 4446. *See* Docket No. 28. This same day, the Board filed an Answer in 4446. *See* Docket No. 9-4446.

On October 10, 2007, Magistrate Judge Brazil sent notices to the parties setting a settlement conference for January 17, 2008, and a deadline of January 8, 2008 for confidential settlement statements. *See* Docket No. 29. On October 12, 2007, the Court referred case 4446 to Magistrate Judge Brazil for settlement. *See* Docket No. 30. On October 26, 2007, Magistrate Judge Brazil sent notices to the parties joining case 4446 with the existing settlement conference and statement schedule. *See* Docket No. 32.

On December 5, 2007, the Court set hearings on the Board's two motions for February 26, 2008. *See* Docket No. 41. On December 10, 2007, Elliott filed an amended complaint in case 4446. *See* Docket entry for 12/10/2007, in 4446.

On January 18, 2008, Magistrate Judge Brazil issued an Order to Show Cause ("OSC") regarding sanctions for Elliott's failure to appear on January 17 or file any statement. *See* Docket No. 42. Elliott was ordered to file and serve a statement by February 8, 2008, explaining his failure to file a settlement statement or appear at the conference, and to appear on February 15, 2008, before the Magistrate Judge to explain his actions. *Id.* at ¶¶ 1-2.

On February 20, 2008, Magistrate Judge Brazil issued a Report and Recommendation Following Show Cause Hearing, recommending the Court dismiss both of Elliott's matters, as he ///

2

was failing to prosecute his action, as he had not filed a statement or appeared, in response to the January 18 Order to Show Cause. *See* Docket No. 46.

In addition to Elliott's failure to participate in the settlement proceedings, on November 29, 2007, the Board filed a motion to dismiss this matter for lack of standing. *See* Docket No. 35. This same day, the Board filed a motion to consolidate case 4446 with this matter. *See* Docket No. 39. On December 5, 2007, the Court set hearings on the Board's two motions for February 26, 2008. *See* Docket No. 41.

Elliott did not file oppositions to the Board's two motions. The Court thus vacated the February 26, 2008 hearings, and set an OSC hearing for March 13, 2008, regarding whether this matter and case 4446 should be dismissed without prejudice for Elliott's (1) failure to comply with the Court's order and/or for failure to prosecute; and/or (2) failure to oppose the Board's motion to dismiss. *See* Docket No. 47. The Court's OSC order noted its Order for Pretrial Preparation, filed April 4, 2007, warned the parties, " 'The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.' Docket No. 20 at 2:11-12." Docket No. 47. The Court also ordered Elliott to file a "Certificate of Plaintiff" at least ten days prior to the OSC hearing, explaining why the Court should not take one or both of these actions. *See id.* And, the Court invited the Board to submit a pleading as to why the Court should not dismiss this matter. *See id.*

On March 3, 2008, Elliott filed a "Certificate of Plaintiff" in case 4446, only. *See* Docket No. 17-4446. In it, he apologized for not appearing at the settlement conferences and indicated the reason was because the Board's alleged policy of limiting visitors to SROs between the hours of 9:00 a.m. and 9:00 p.m. violated the Fourteenth Amendment. *See id.* He did not elaborate on the logical nexus of the two concepts. *See id.* This same day, the Board filed a request that the Court adjudicate its motion to dismiss, on the merits, so Elliott, who has more than once filed this same action before, would allegedly be unable to file it again, under res judicata. *See* Docket No. 48.

On March 13, 2008, Elliott and the Board appeared at the OSC hearing. Elliott indicated he had not appeared at the settlement conferences because he wanted a jury trial, and if believed if he appeared at the conferences, his case would somehow be dismissed. He also indicated he wanted a

chance to respond to the Board's motion to dismiss.  The Court gave Elliot until March 26, 2008 to file and serve an opposition.  *See* Docket No. 49.  Upon doing so, the Board was to file a reply, if any, by April 2, 2008, after which the Court would dismiss or set a case management conference. *See id.*  As of the date of this order, Elliott has not filed any opposition.

## LEGAL STANDARD

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

> [A] district court [is] required to weigh several factors in determining whether to
> dismiss [a] case for lack of prosecution:  (1) the public's interest in expeditious
> resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
> prejudice to the defendants; (4) the public policy favoring disposition of cases on
> their merits and (5) the availability of less drastic sanctions.

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).
In addition, a court must provide "warning of imminent dismissal of the case."  *Oliva*, 958 F.2d at 274.

## ANALYSIS

For the following reasons, the Court dismisses this matter and all related matters for Elliott's failure to prosecute.

**I.     The public's interest in expeditious resolution of litigation.**

Elliott has filed this lawsuit twice in this Court, and three times in other courts, and repeatedly failed to prosecute it to completion, tying up these courts' and the Board's resources. The public has an interest in freeing up these resources.  Thus, the first *Henderson* factor favors dismissal.

**II.     The Court's need to manage its docket.**

The Court has many pressing civil and criminal matters on its docket, which require its attention.  Elliott refuses to comply with the Court's settlement and law and motion procedures, and despite forcing the Court to hold multiple OSC hearings, has failed to repeatedly comply with the

Court's instructions.  In order for the Court to manage its docket, the parties to the matters before it must comply with its orders, the local rules, and the Federal Rules of Civil Procedure, which Elliott has not.  Thus, the second *Henderson* factor favors dismissal.

**III.      The risk of prejudice to the defendants.**

There is no known statute of limitations barrier which would caution against dismissal here.  Further, the Court is dismissing without prejudice to the merits of Elliott's matter.  Thus, the third *Henderson* factor favors dismissal.

**IV.      The public policy favoring disposition of cases on their merits.**

While this factor generally cautions against dismissal, it does not weigh heavily against it here.  If Elliot wishes to pursue his matter, he may, for the reasons discussed under the third *Henderson* factor.  Thus, the fourth *Henderson* factor favors dismissal.

**V.      The availability of less drastic sanctions.**

The Court is dismissing without prejudice.  The Court has warned Elliott twice in writing and once orally that dismissal would follow if he did not take steps to reasonably prosecute this matter or to become reasonably familiar with the Court's orders and local rules, and the Federal Rules of Civil Procedure.  Elliott has repeatedly ignored this Court's orders and admonitions.  In addition, Elliott is pro se and has minimal resources.  Thus, professional or financial sanctions are unavailable to the Court.  Thus, the fifth *Henderson* factor supports dismissal.

**VI.      Elliott was warned.**

As discussed under the fifth *Henderson* factor, the Court has warned Elliott dismissal would follow his failure to reasonably prosecute this matter.

///

///

///

///

///

///

///

1

**CONCLUSION**

2          Accordingly, the Court DISMISSES WITHOUT PREJUDICE this matter and related

3   case 07-04446.  The Clerk of Court is directed to CLOSE the case file and any pending matters

4   related to it.  All matters calendared in this matter and all related matters are VACATED.

5

6          IT IS SO ORDERED.

7          March 31, 2008                         _Saundra B Armstrong_____

8                                                  Saundra Brown Armstrong
                                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  UNITED STATES DISTRICT COURT
FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  VANCE S ELLIOTT et al,
           Case Number: CV06-04842 SBA
     Plaintiff,
5
           **CERTIFICATE OF SERVICE**
  v.
6

7  THE SAN FRANCISCO RENT AND
ARBITRATION et al,

8     Defendant.
 —————————————————/
9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.
11
That on April 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
12  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
13  located in the Clerk's office.

14

15

16  Vance S. Elliott
The Baldwin House #227
17  74 Sixth Street
San Francisco,  CA 94103
18
Dated: April 1, 2008
19
         Richard W. Wieking, Clerk
20          By: LISA R CLARK, Deputy Clerk

21

22

23

24

25

26

27

28